UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

United States District Court
Northern District of California

| | |
|---|---|
| YOGESH KUMAR,<br>Plaintiff,<br>v.<br>DIRECTOR, U. S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>Defendant. | Case No. 25-cv-06781-VKD<br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**<br>**REPORT AND RECOMMENDATION RE DISMISSAL**<br>Re: Dkt. Nos. 7, 9 |

For the reasons discussed below, the Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that Mr. Kumar's complaint be dismissed without prejudice for failure to respond to the Court's August 5, 2026 and August 26, 2026 orders, or to otherwise prosecute this action.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 11, 2025, Mr. Kumar, who is representing himself, filed a complaint and paid the filing fee. Dkt. No. 1. The Clerk of the Court issued summons and an immigration mandamus procedural order the same day. Dkt. Nos. 3, 4. Later that day, Mr. Kumar filed a notice of change of address. Dkt. No. 6. The docket was updated accordingly.

On August 5, 2026, the Court issued an order observing that there was no indication that Mr. Kumar had served the defendant with the complaint and summons, and that no defendant had appeared. Dkt. No. 7. The Court directed Mr. Kumar to file a written response by September 2, 2026, showing cause why this action should not be dismissed for his failure to prosecute the case. *Id.* The order expressly stated that "[i]f Mr. Kumar does not respond to this order by the deadline,

the Court may issue an order reassigning this action to a district judge with a recommendation that the complaint be dismissed for failure to prosecute and/or failure to comply with court orders." *Id.* at 1. The Clerk of the Court attempted to mail the order to Mr. Kumar, but it was returned as undeliverable. Dkt. No. 8.

On August 26, 2026, the Court issued an order extending Mr. Kumar's deadline to file a response to the order to show cause to September 16, 2026. Dkt. No. 9. In addition to mailing the order, the Clerk of the Court emailed a copy of the order and the prior order at Dkt. No. 7 to Mr. Kumar via the email address that he provided to the Court. Dkt. No. 9 at 1. In that order, the Court advised Mr. Kumar of his obligation to inform the court if his address has changed. Civil L.R. 3-11(a).

There has been no activity on the docket since. The September 16, 2026 deadline has passed, and the Court has received no response from Mr. Kumar.

## II. DISCUSSION

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quotations and citation omitted). In view of Mr. Kumar's failure to prosecute this matter or otherwise respond to the Court's orders, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he

trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. Mr. Kumar's failure to respond to the Court's order to show cause and to prosecute this matter have delayed the resolution of this litigation. Mr. Kumar's non-responsiveness has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id*.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*. (quotations and citation omitted). This factor may be neutral, insofar as the defendant has not been served to the Court's knowledge. But while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id*. at 642–43. Despite being given ample opportunity to do so, Mr. Kumar has provided no explanation for his failure to pursue this matter. His failure to respond to the Court's orders or offer any explanation on his failure to prosecute this case weighs in favor of dismissal. *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."). *Cf. Laurino v. Syringa Gen. Hosp*., 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

Fourth, "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court's August 5, 2026 order to show cause (Dkt. No. 7) and August 26, 2026 order extending the deadline to file a show cause response (Dkt. No. 9) expressly cautioned Mr. Kumar that this action could be dismissed for his failure to comply with court orders and lack of attention to this matter. This factor weighs in favor of dismissal.

Fifth, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643. Even so, the other four factors weigh in favor of dismissing this action.

## III. CONCLUSION

Because not all parties have consented to magistrate judge jurisdiction, it is ordered that this case be reassigned to a district judge. For the reasons stated above, it is recommended that the newly assigned district judge dismiss this action, without prejudice, for Mr. Kumar's failure to respond to the Court's order to show cause, and to otherwise prosecute this action.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Virginia K. DeMarchi
VIRGINIA K. DEMARCHI
United States Magistrate Judge